**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Katherine Salgado**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Fitness International, LLC**, | |
| Defendant. | |

Plaintiff, Katherine Salgado ("Plaintiff" or "Katherine Salgado"), sues the Defendant Fitness International, LLC ("Defendant" or "Fitness International") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"); and Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

7. At all material times, Fitness International, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Fitness International, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant Fitness International, LLC owned and operated as "Esporta Fitness," a chain of fitness centers doing business in Maricopa County, Arizona.

9. Under the FLSA, Defendant Fitness International, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Fitness International, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest of Esporta Fitness in relation to the company's employees, Defendant Fitness International, LLC is subject to liability under the FLSA.

10. At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

11. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

12. At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

13. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

14. At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

15. At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

16. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

17. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

19. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

20. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

21. Defendant owns and/or operates as Esporta Fitness, an enterprise doing business in Maricopa County, Arizona.

22. Defendant Fitness International, LLC operates one or more Esporta Fitness locations in Maricopa County, Arizona.

23. Plaintiff was hired by Defendant in or around mid April 2022 and worked about two shifts during a single workweek.

24. Plaintiff's two shifts took place on April 15, 2022 and April 18, 2022.

25. At all relevant times, Plaintiff worked for Defendant until approximately April 19, 2022, when Defendant terminated her employment.

26. At all relevant times, in her work for Defendant, Plaintiff worked as a front desk clerk at the Esporta Fitness located at 2325 East Baseline Road, Phoenix, Arizona 85042.

27. Defendant, in its sole discretion, agreed to pay Plaintiff an hourly rate of $12.80.

28. Upon information and belief, Plaintiff worked approximately between 10 and 20 hours in her sole workweek of employment with Defendant.

29. Defendant failed to compensate Plaintiff any wage whatsoever for the hours she spent working for Defendant during the sole workweek of her employment with Defendant.

30. On or about April 19, 2022, Defendant fired Plaintiff from her employment with Defendant.

31. During Plaintiff's employment with Defendant, she had worked using an Individual Taxpayer Identification Number ("ITIN").

32. On April 19, 2022, when Plaintiff was fired, Defendant explicitly stated that the reason for her firing was that she did not have social security number and that they would not allow her to continue working under an ITIN.

33. Plaintiff asked her supervisor, whose name was, on information and belief, Mason, whether she would be paid for the time she worked. In response, Mason informed Plaintiff that she would not be receiving a paycheck for the time she worked for Defendant.

34. When she was fired, Defendant had Plaintiff's address in its possession.

35. However, Defendant never sent Plaintiff a check for the wages she had earned.

36. As a result of not having paid any wage whatsoever to Plaintiff during her sole workweek of employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

37. As a result of Defendant's failure to compensate Plaintiff any wage whatsoever her final week of work, Defendant violated 29 U.S.C. § 206(a).

38. As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendant violated the AMWA, A.R.S. § 23-363.

39. Plaintiff was a non-exempt employee.

40. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

41. Plaintiff is a covered employee within the meaning of the FLSA.

42. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

43. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

44. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

45. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. As a result of not paying Plaintiff any wage whatsoever for the hours she worked in her sole workweek of employment, Defendant failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

48. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

49. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Katherine Salgado, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. As a result of not paying Plaintiff any wage whatsoever for the hours she worked in her sole workweek of employment, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

52. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

53. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Katherine Salgado, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 10th day of May, 2022.

1 | BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Katherine Salgado, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

Katherine Salgado (May 10, 2022 16:19 PDT)
Katherine Salgado